UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

|   |   |
|---|---|
| CARLTON VOSE,<br>    Petitioner,<br><br>v.<br><br>CAROLE DWYER, in her capacity as<br>Warden of the Adult Correctional<br>Institute,<br>    Respondent. | C.A. No. 23-cv-084-JJM-PAS |

### ORDER

Carlton Vose is serving a prison sentence after a Rhode Island jury convicted him on six counts of violating the state's elder neglect statute, R.I. Gen. Laws § 11-5-12. Arguing that the Rhode Island state court wrongfully convicted him in violation of the United States Constitution, he filed this Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254. ECF No. 24. He also filed a Motion for Summary Judgment. ECF No. 38. The State of Rhode Island, standing in the place of Carole Dwyer, Warden at the Adult Correctional Institutions, responded to the Petition (ECF No. 44), to Mr. Vose's Motion for Summary Judgment, and moved for summary judgment on its own. ECF No. 42. Mr. Vose has objected. ECF No. 52. For the reasons below, the Court DENIES and DISMISSES the Petition.[1]

---

[1] Because the Court denies the Petition, it also DENIES AS MOOT both parties' Motions for Summary Judgment. ECF Nos. 38, 42.

I.   BACKGROUND[2]

Mr. Vose relocated to Rhode Island to live with, and care for his mother who had dementia and Alzheimer's Disease. He had been granted power of attorney over her the previous year.

During an approximately one-year period, Pawtucket Police were called multiple times to locations near Ms. Vose's home after receiving reports that she was wandering around sometimes in dangerous situations, wearing clothing inappropriate for the cold weather, and claiming she was hungry. One time, Kathleen Lavery, a neighbor, "contacted the Pawtucket police after encountering Pauline, who was wet, crying, and shaking. Pauline informed Lavery that defendant had turned the yard faucet on her when she asked for food. Ms. Lavery indicated that Pauline was consistently wandering the neighborhood in soiled clothing, was constantly hungry, and on that day, she was in fear." *State v. Vose*, 287 A.3d 997, 1001 (R.I. 2023).

When police responded to calls about Ms. Vose, they would bring her home and reported observing that she was living in squalor without adequate food in the home. Police and elderly advocates tried to contact Mr. Vose and were either unsuccessful in reaching him or he refused to take any action on his mother's behalf, indicating that she did not want any help. Eventually, the police removed Ms. Vose from her home and took her to Memorial Hospital.

---

[2] This brief factual summary is taken from the Rhode Island Supreme Court's opinion denying Mr. Vose's motion for new trial. *State v. Vose*, 287 A.3d 997, 1000-03 (R.I. 2023).

After a jury trial in state court, a jury found Mr. Vose guilty of "six counts of neglecting an adult with severe impairments, in violation of G.L. 1956 § 11-5-12." *Id.* at 999. The Court "sentenced [him] to concurrent five-year sentences at the Adult Correctional Institutions, with two years to serve and the balance suspended, with probation, a $1,000 fine, counseling upon release from prison, and a no-contact order." *Id.* The Rhode Island Supreme Court affirmed the judgments of conviction. *Id.* at 1008. Mr. Vose filed this Petition within the one-year durational limit prescribed by 28 U.S.C. § 2244(d).

## II.   STANDARD OF REVIEW

This Court's review of Mr. Vose's Petition is limited. Both United States Supreme Court precedent, *see, e.g., Cavazos v. Smith*, 565 U.S. 1 (2011), and the congressional mandate contained in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, restrict federal court review of state court convictions and sentences. AEDPA, as codified in § 2254(d)'s limited review, "reflects the view that habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." *Harrington v. Richter*, 562 U.S 86, 102–03 (2011) (quoting *Jackson v. Virginia*, 443 U.S. 307, 332 n.5 (1979) (Stevens, J., concurring in judgment)).

When a state court adjudicates a claim on the merits, a federal court may grant habeas relief only if the state court's "adjudication of the claim" was either "contrary to, or involved an unreasonable application of, clearly established Federal law, as

3

determined by the Supreme Court of the United States" or was "based on an unreasonable determination of the facts in light of the evidence presented." 28 U.S.C. § 2254(d). A state court's factual determinations are presumed to be correct, with the petitioner bearing "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

## III. DISCUSSION

Mr. Vose's habeas Petition[3] rests on three grounds: he asserts that 1) the state court relieved the State of the burden to prove all elements of the crime; 2) the state statute is constitutionally void for vagueness; and 3) there was insufficient evidence to support a factual element required by the statute. The State moves to deny the Petition, arguing that Grounds One and Three are barred because Mr. Vose did not exhaust them in state court. Substantively, the State asks the Court to deny the Petition on all three grounds because the state court's decision did not constitute a decision that is "contrary to" or is an "unreasonable application of" federal law.

---

[3] Mr. Vose's habeas claims and his arguments in favor of summary judgment are the same. In his summary judgment motion, Mr. Vose essentially asks this federal court to endorse his interpretation of state law. The State also moves for summary judgment, arguing that the facts are not in dispute and that the law has been applied as it should. "It is well-settled law that a federal court, interpreting a state statute or state rule of civil procedure, must defer to the highest court of the state as the arbiter of state law." *Martin v. Lincoln Bar, Inc.*, 622 A.2d 464, 468 (R.I. 1993) (citing *Donahue v. R.I. Dep't of Mental Health*, 632 F. Supp. 1456, 1478 (D.R.I. 1986)). Because the Rhode Island Supreme Court has already interpreted the state law here and affirmed his conviction, the Court defers to that interpretation.

### A.   Grounds One and Three

#### *1.   Exhaustion*

The State raises an exhaustion defense as to Grounds One and Three, arguing that Mr. Vose did not frame either of these as federal constitutional challenges therefore did not "alert[] th[e] court to the federal nature of the claim[,]" *Baldwin v. Reese*, 541 U.S. 27, 29 (2004), and focuses his argument as to ground three as a challenge to the sufficiency of the evidence, when he only challenged the weight of the evidence in state court.

"In order to exhaust a claim, the petitioner must 'present the federal claim fairly and recognizably' to the state courts, meaning that he 'must show that he tendered his federal claim 'in such a way as to make it probable that a reasonable jurist would have been alerted to the existence of the federal question.''" *Clements v. Maloney*, 485 F.3d 158, 162 (1st Cir. 2007) (citations omitted). In other words, "the legal theory [articulated] in the state and federal courts must be the same." *Gagne v. Fair*, 835 F.2d 6, 7 (1st Cir. 1987). The First Circuit Court of Appeals instructs that "a habeas petitioner may accomplish this by doing any of the following: (1) citing a provision of the federal constitution; (2) presenting a federal constitutional claim in a manner that fairly alerts the state court to the federal nature of the claim; (3) citing federal constitutional precedents; or (4) claiming violation of a right specifically protected in the federal constitution." *Clements*, 485 F.3d at 162 (citing *Gagne*, 835 F.2d at 7).

Mr. Vose seeks relief here because he argues that the state court, in failing to properly instruct the jury on an element of the elder neglect statute, relieved the State from proving every element of the counts against him. Mr. Vose objected at trial, and in his motion for a new trial, arguing that the jury should have been charged that it needed to find first that there were services necessary to maintain his mother's physical and mental health and, if the jury so found, then they had to find that Mr. Vose willfully and knowingly refused to provide those services. Because the court did not so instruct, Mr. Vose argues, his conviction was not based on sufficient evidence as to all the essential elements beyond a reasonable doubt. Mr. Vose did not frame either his jury instruction objection or his insufficiency of the evidence challenges as a constitutional violation, specifically under the Fourteenth Amendment, or as a violation of any other federal law. As such, Mr. Vose failed to exhaust in state court Grounds One and Three and is barred from raising it now in federal court. *See Clements*, 485 F.3d at 164-65 (where "claim is unmistakably couched only in state law terms" it is not exhausted for habeas petitions).

### 2. *Substantive*

But even if Mr. Vose had properly presented these claims to the state court as constitutional issues, Grounds One and Three of his Petition fail on substantive grounds as well.

#### i. Ground One

As articulated above, Ground One pertains to the instructions the trial court gave to the jury on the elements of the elder neglect statute. Looking at the

instructions, the trial court instructed the jury of the charge against Mr. Vose and explained neglect as the statute defined it. The court then instructed as follows:

> If you find the State has proven beyond a reasonable doubt that on the date of each charged count of neglect that Carlton Vose was the person primarily responsible for Pauline Vose's care, that Pauline Vose was a person with severe impairments, and that Carlton Vose willfully and knowingly refused to provide services necessary to maintain the physical or mental health of Pauline Vose then you may return a verdict of guilty.

ECF No. 28 at 487.

On appeal to the Rhode Island Supreme Court, Mr. Vose argued, as he does here, that the court should have given instructions requiring the jury to find that the state had proven which services were necessary to maintain his mother's physical and mental health and that Mr. Vose willfully and knowingly refused to provide those services. The Rhode Island Supreme Court rejected the argument that "'services necessary to maintain * * * physical or mental health' is an essential element of the charged offense," finding instead that "it is used only to further define the *actus reus* of the charge of neglect, and thus the state was not required to prove specific available services." *Vose*, 287 A.3d at 1005.

Again, the Court's review in this case is limited. Mr. Vose's challenge to the jury instructions is a state law challenge and "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991). In the context of jury instructions, "that the instruction was allegedly incorrect under state law is not a basis for habeas relief." *Id.* at 71–72. Instead, "[t]he only question for [the Court] is 'whether the ailing

7

instruction by itself so infected the entire trial that the resulting conviction violates due process.'" *Id.* at 72 (quoting *Cupp v. Naughten*, 414 U.S. 141, 147 (1973)). This Court must not review a jury instruction in "'artificial isolation,'" but must instead consider it "in the context of the instructions as a whole and the trial record." *Id.*; *accord United States v. Stefanik*, 674 F.3d 71, 77 (1st Cir. 2012).

Mr. Vose has not shown that the jury instruction here was either incorrect and/or has denied him due process under the United States Constitution. Viewing the instructions and trial record, the Court finds that the trial court defined each element as written in the statute in accordance with what the state had to prove. As a result, Mr. Vose has not shown that the state court's adjudication of this claim was "contrary to, or involved an unreasonable application of, clearly established Federal law," nor has he proven that the decision was based on "an unreasonable determination of the facts." 28 U.S.C. § 2254(d).

ii.   Ground Three

In Ground Three, Mr. Vose argues that he is entitled to habeas relief because the Rhode Island Supreme Court conceded in its opinion that the State did not prove an essential element of the statute against him so no rational trier of fact could have so found. This alleged "concession" comes from the court's statement that they were "not confronted with a situation in which the type and degree of services provided to this elderly woman were insufficient 'to maintain [her] physical or mental health[.]'" *Vose*, 287 A.3d at 1004. Arguing that the court determined that the State did not

prove that he neglected his mother, an essential element of the claim, Mr. Vose seeks habeas relief based on insufficiency of the evidence.

It is important to note at the outset that this Court finds that the Rhode Island Supreme Court conceded nothing. It stated that it did not have to evaluate trial evidence of the type and degree of services provided to Ms. Vose because it found from that same evidence that "[t]here were **no services** provided to Pauline and **no support** to protect her from harm." *Id.* (emphasis added). The court reviewed the trial court's analysis of Mr. Vose's motion for new trial (where he also challenged the sufficiency of the evidence on the statutory elements) and found that "he reviewed the evidence in light of the jury charge, independently assessing the credibility of the witnesses and the weight of the evidence to determine whether he would have reached a result different from that of the jury." *Id.* at 1006.

Specifically, the trial court found that the evidence showed Mr. Vose was responsible for his mother's care; Mr. Vose "told the police that he took care of all of Pauline's needs, including all meals, clothing, and medications. [The trial court] also highlighted the fact that defendant not only moved to Rhode Island to care for his mother, he had power of attorney over all of her affairs." *Id.* Referencing hospital records, the trial court found that Ms. Vose was an adult with severe impairment per the statutory language. *Id.* Finally, the Rhode Island Supreme Court considered the trial court's determination that Mr. Vose knowingly and willfully refused to provide services to his mother to maintain her physical or mental health. The evidence was extensive:

9

> The trial justice once again referred to defendant's November 2015 interview with the Pawtucket police, in which Vose indicated that Pauline had Alzheimer's or dementia but that he did not consider her wandering to be dangerous. The trial justice emphasized that, during this interview, defendant suggested that he did not consider getting his mother adult day care services at the Leon Mathews Center because they would not accept wanderers, and that his mother did not want the services anyway.
>
> The trial justice further acknowledged that defendant indicated that he had been investigating nursing home services, but that Pauline did not want to go to a nursing home, nor did she want to receive any services outside the home or have home-care nursing. The trial justice noted defendant's statement that he found it annoying to get messages from people offering services that his mother would not accept, so he stopped answering.
>
> The trial justice lastly cited the testimony of Sgt. Dupont when ruling on the motion for a new trial. Sergeant Dupont testified that he reviewed ten to fifteen incident reports during 2015 involving Pauline. After each report, he contacted the Division of Elderly Affairs and the Leon Mathews Center to ascertain if Pauline was receiving services. Upon learning that defendant was Pauline's caretaker, Sgt. Dupont attempted to contact him to learn why services were not being provided to her, but was unsuccessful in contacting him.

*Id.* at 1006-07.

Concluding that the trial court thoroughly reviewed the evidence at trial, the Rhode Island Supreme Court "declined to disturb" the trial court's ruling on Mr. Vose's motion for a new trial. *Id.* at 1007. Because the state courts found that there was sufficient evidence on each essential element of this state-law claim and habeas rules require this federal court to defer to those state courts' interpretation, Mr. Vose is not entitled to habeas relief on Ground Three.

10

### B.     Ground Two

Mr. Vose's final argument is that the state statute on which he was convicted is unconstitutionally vague. The State asserts that a void-for-vagueness challenge is not appropriate here because the neglect statute requires that a caregiver act knowingly and willfully and where a statute "'explicit[ly] provi[des] that a criminal violation of its terms must be 'willful,'" the void-for-vagueness doctrine is especially inapposite, since the statute itself ensures that 'good-faith errors are not penalized.'" *United States v. Zhen Zhou Wu*, 711 F.3d 1, 15 (1st Cir. 2013) (citations omitted). Either way, the State argues that the statute is not vague and the Rhode Island Supreme Court's post-trial decision on this issue was not contrary to federal law.

According to clearly established United States Supreme Court law, "[a] conviction fails to comport with due process if the statute under which it is obtained fails to provide a person of ordinary intelligence fair notice of what is prohibited, or is so standardless that it authorizes or encourages arbitrary and discriminatory enforcement."[4] *Butler v. O'Brien*, 663 F.3d 514, 518 (1st Cir. 2011) (citing *Hill v. Colorado*, 530 U.S. 703, 732 (2000)). Before the Rhode Island Supreme Court, Mr. Vose argued that R.I. Gen. Laws § 11-5-12 was vague and ambiguous because it

---

[4] The Rhode Island Supreme Court stated the standard for evaluating a claim contesting the statute's constitutionality in terms of state law, which comports with the federal standard. *See Vose*, 287 A.3d at 1003 ("A criminal statute will be declared void for vagueness *** [when it] is so vague that people 'of common intelligence must necessarily guess at its meaning and differ as to its application.' A challenge based on vagueness 'rest[s] principally on [a] lack of notice' of the proscribed conduct." (citations omitted)).

11

did not properly define "services necessary to maintain * * * physical or mental health" so he did not have notice of and could not understand what services he should have provided or what conduct would have violated the statute. The Rhode Island Supreme Court rejected his arguments, finding:

> In the case at bar, § 11-5-12(a) declares that a primary caregiver "who shall willfully and knowingly abuse, neglect or exploit" an adult with severe impairments shall be subject to the penalties outlined in the act. The term "neglect" means the "fail[ure] to care for or attend to properly." The American Heritage Dictionary of the English Language 1179 (5th ed. 2011). "Neglect" is further specifically defined by the statute as "the willful refusal to provide services necessary to maintain the physical or mental health of an adult with severe impairments." Section 11-5-12(b)(4). Given the plain and ordinary meaning of the definition, we hold that the language of § 11-5-12 is clear and unambiguous and not susceptible to more than one meaning. *See Freepoint Solar LLC v. Richmond Zoning Board of Review*, 274 A.3d 1, 6 (R.I. 2022).

*Vose*, 287 A.3d at 1004.

The Rhode Island Supreme Court also directly answered concerns that the elder neglect statute is unconstitutionally vague here by recounting the evidence that Mr. Vose is a person of ordinary intelligence who had notice of proscribed conduct. It described that:

> Mr. Vose acknowledged that he was notified repeatedly that his mother was in need of services and that services were available given her diminished mental state, which he described as dementia. He admitted that Pauline was a "wanderer" and required GPS monitoring to ensure her safety. Nonetheless, defendant continued to allow his mother almost complete autonomy to roam the streets of Pawtucket, in harm's way. Pauline repeatedly was found wearing clothing that was inappropriate for the weather. She lived in squalor, in a dwelling that reeked of urine and animal feces and was unsanitary. The witnesses who escorted her home testified that they could find no substantial food in the residence for Pauline to consume, and that she was hungry. We are not confronted

> with a situation in which the type and degree of services provided to this elderly woman were insufficient "to maintain [her] physical or mental health[.]" Section 11-5-12(b)(4). There were no services provided to Pauline and no support to protect her from harm.
>
> Further, we are of the opinion that the language of § 11-5-12, specifically the term "[n]eglect," "provides adequate warning to a person of ordinary intelligence that [this] conduct is illegal by common understanding and practice." [*State v.*] *Sahady*, 694 A.2d [707,] at 709 [R.I. 1997] (quoting [*State v.*] *Fonseca*, 670 A.2d [1237,] at 1239 [R.I. 1996]).

*Vose*, 287 A.3d at 1004.

In order to receive habeas relief, the Rhode Island Supreme Court's error must be so significant that "'there is no possibility fairminded jurists could disagree that [its] decision conflicts with [the Supreme Court's] precedents.'" *Harrington*, 562 U.S. at 102. The Court finds that Mr. Vose's final argument based in unconstitutional vagueness does not meet the standard to grant a habeas Petition because he has not proved that the state court acted contrary to United States Supreme Court precedent or unreasonably applied such precedent in affirming his conviction. The Rhode Island Supreme Court's decision appropriately reviewed the trial court decision and thus merits "deference and latitude." *Id.* at 101.

### *Certificate of Appealability*

Under Rule 22 of the Federal Rules of Appellate Procedure and Rule 11 of the Rules Governing Proceedings Under 28 U.S.C. § 2254, this Court will not issue a certificate of appealability. A certificate of appealability will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To satisfy this requirement, the petitioner must show that

"reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). Mr. Vose has shown neither of these requirements, so no certificate of appealability will issue.

## IV.   CONCLUSION

For the above discussed reasons, the Court GRANTS the State's Motion to Dismiss (ECF No. 44) and DISMISSES the Petition (ECF No. 24). A Certificate of Appealability is DENIED. The Court DENIES AS MOOT Mr. Vose's Motion for Summary Judgment (ECF No. 38) and the State's Motion for Summary Judgment (ECF No. 42).

IT IS SO ORDERED.

John J. McConnell, Jr.
Chief United States District Judge

September 5, 2024