
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| CARLTON VOSE, : | |
|     Plaintiff, : | |
| : | |
| v. : | C.A. No. 23-00084-JJM |
| : | |
| PETER F. NERONHA, RHODE ISLAND : | |
| ATTORNEY GENERAL, : | |
|     Defendant. : | |

**MEMORANDUM AND ORDER**

PATRICIA A. SULLIVAN, United States Magistrate Judge.

Pending before me on referral for determination is a motion to disqualify me from this case[1] pursuant to 28 U.S.C. § 455 (ECF No. 74) filed by *pro se* Plaintiff Carlton Vose.[2] In support of his motion, Plaintiff alleges that I have made "false accusations . . . likely gleaned from information obtained through improper *ex parte* communications with" Associate Rhode Island Supreme Court Justice Maureen Goldberg who Plaintiff contends has issued "two fraudulent legal opinions" and engaged in other misconduct targeting Plaintiff. ECF No. 74 at 1-3. Plaintiff claims that my "friendship [with Justice Goldberg] has caused [me] to engage in behavior that is not appropriate for a federal magistrate, and is in fact criminal." <u>Id.</u> at 2. Plaintiff asserts that these "false accusations" are stated in decisions that I issued in two other federal civil cases being prosecuted by Plaintiff. One is a Report and Recommendation issued in <u>Vose v. ACI</u>, 24-cv-00116-WES (ECF No. 22), which was subsequently adopted "in full and

---

[1] With his motion, Plaintiff included a letter to the Clerk's Office to clarify that the motion is "for two different cases": this case and <u>Vose v. ACI</u>, 24-cv-00116-WES, where it is docketed as ECF No. 26. ECF No. 74-1.

[2] While the Court affords latitude to Plaintiff as a *pro se* filer, it nevertheless also considers that "he was trained as an attorney [and] he has practiced law." <u>Vose v. Suttell</u>, C.A. No. 1:23-cv-00039-MSM-PAS, 2023 WL 6621149, at *3 (D.R.I. Oct. 11, 2023).

without objection" by the District Court by Text Order on October 2, 2024. The other is a Memorandum and Order that issued in Vose v. Tang & Maravelis, P.C., 22-cv-00434-JJM (ECF No. 28) granting in part and denying in part Plaintiff's motion to extend discovery deadlines. Plaintiff's motion contains no allegations of lack of impartiality or personal bias/prejudice specifically affecting this case. For the reasons that follow,[3] the motion to disqualify is denied.

A judge "shall disqualify [her]self in any proceeding in which h[er] impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Pursuant to 28 U.S.C. § 455, which governs disqualification on a motion by a party, "there are two possible grounds for a judge's disqualification: (1) the judge's impartiality may reasonably be questioned; or (2) the judge may have a personal bias or prejudice concerning a party." United States v. Kelley, 712 F.2d 884, 889 (1st Cir. 1983). "The well-established test . . . is . . . whether the charge of lack of impartiality is grounded on facts that would create a reasonable doubt concerning the judge's impartiality, not in the mind of the judge . . . or even necessarily in the mind of the litigant filing the motion . . . but rather in the mind of the reasonable [person]." Panzardi-Alvarez v. United States, 879 F.2d 975, 983 (1st Cir. 1989) (internal quotation marks omitted). Recusal is required when the objective circumstances create an appearance of partiality. In re Martinez-Catala, 129 F.3d 213, 220 (1st Cir. 1997). On the other hand, "[d]issatisfaction with a judicial decision is not a basis for recusal." Silva v. Rhode Island, C.A. No. 19-568-JJM-PAS, 2021 WL 4712902, at *2 (D.R.I. June 14, 2021).

---

[3] "Motions seeking recusal and disqualification are generally entertained by the challenged judge." Myers v. United States, 1:17CR18-1, 2022 WL 3043657, at *1 n.1 (M.D.N.C. Aug. 2, 2022) (internal quotation marks omitted). To the extent that Plaintiff believes that there has been misconduct by a judicial officer, his recourse is to file a complaint at the clerk's office of the United States Court of Appeals for the First Circuit using the procedure described in the Rules of Judicial-Conduct and Judicial-Disability Proceedings pursuant to 28 U.S.C. § 351, *et seq.* Ocean Dev. Partners, LLC v. NE Edge, C.A. No. 23-121WES, 2023 WL 7159178, at *1 (D.R.I. Oct. 31, 2023), appeal dismissed sub nom. Fiorillo v. NE Edge, LLC, No. 23-1861, 2024 WL 2944003 (1st Cir. Mar. 1, 2024).

To the extent that Plaintiff seeks to disqualify me based on the two decisions issued in two other cases, his motion to recuse is denied because it is improperly based on his "[d]issatisfaction with . . . judicial decision[s]." Silva, 2021 WL 4712902, at *2. Plaintiff also seeks disqualification based on personal bias and prejudice and/or because my impartiality might reasonably be questioned based on his speculation that my decisions were based on information learned during improper *ex parte* communications with Justice Goldberg, as well as on my supposed friendship with Justice Goldberg. This reason is entirely speculative, and the factual assumption is false – I have never communicated with Justice Goldberg regarding Plaintiff or any matter related to any of his cases nor do I have a personal relationship with her that either poses an actual conflict and/or that would raise a question in the mind of a reasonable person regarding my impartiality. See Panzardi-Alvarez, 879 F.2d at 983. Thus, Plaintiff's argument is based on nothing more than "unsupported, irrational, or highly tenuous speculation." In re Martinez-Catala, 129 F.3d at 220 (internal quotation marks omitted). Because there are no objective circumstances involved in Plaintiff's cases that create an actual or apparent partiality, to the extent that the motion relies on this reason, it is denied.

To be clear, I have no knowledge, prejudice or bias regarding Plaintiff or regarding any of the other parties or regarding any aspect of the matters in issue in this case or either of the other cases to which Plaintiff refers in his motion to disqualify (beyond knowledge of what has been presented by the filings in this Court and the public records in other courts that pertain to the matters in issue in this Court). I have no direct financial or other stake in the outcome of this case or either of the other cases to which Plaintiff refers in his motion to disqualify. I have no familial or personal relationship with any of the parties or attorneys in this case or either of the other cases to which Plaintiff refers in his motion to disqualify. Based on the foregoing, and

considering the totality of the circumstances, I find that I am untainted by any actual conflict of interest of any kind, nor is there any appearance of any conflict of interest.  I further find that I am able to determine any issues presented to me in this matter impartially.  Guided by the principle that a judge has "a duty not to recuse . . . herself if there is no objective basis for recusal," In re United States, 441 F.3d 44, 67 (1st Cir. 2006), I hereby deny Plaintiff's motion (ECF No. 74) to disqualify me from this case.

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
October 17, 2024